UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY F. MADEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-575-PLC |
| | ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Ricky F. Madewell, who alleges

he is a pretrial detainee at the St. Louis County Justice Center, for leave to commence this civil

action without prepaying fees or costs [ECF No. 3].  The Court reviewed the motion and the inmate

account statement submitted in support and grants the motion to allow Plaintiff to proceed without

payment of an initial partial filing fee.  Additionally, the Court denies without prejudice Plaintiff's

motion to appoint counsel [ECF No. 2].  After reviewing Plaintiff's complaint and for the reasons

discussed below, the Court gives Plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison

account to pay the entire fee, a federal district court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  However, according to § 1915(b)(4), a court shall not prohibit a prisoner "from

bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

In support of the instant motion, Plaintiff submitted an inmate account statement for the period from November 22, 2019 through May 4, 2020.  The statement reflects a current negative balance of $157.21, with no credits or debits to Plaintiff's account since February 14, 2020.  It appears that Plaintiff has no means to pay an initial partial filing fee at this time, and the Court will therefore allow Plaintiff to proceed without paying one.  *See* 28 U.S.C. § 1915(b)(4).

### Legal Standard on Initial Review

A federal district court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  A court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

A court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," a court should "construe the complaint in a way that permits the layperson's claim to be considered within the

proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).   However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law.   *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).   Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.   *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.   He identifies the defendant as the St. Louis County Justice Center, but also indicates an intent to sue "Employees."   In setting forth his statement of claim, Plaintiff alleges he was handcuffed and shackled, slammed against a wall and choked on March 26, 2020.   He also alleges he was shoved down steps, causing neck and back injuries.   He alleges he was assaulted on other occasions as well, and he believes the assaults occurred due to a failure to train or supervise staff.   He also states he was refused medical treatment.   As relief, he seeks release from the St. Louis County Justice Center, and $2,500,000 in damages.

After filing the complaint, Plaintiff filed a supplemental document.   In that document, Plaintiff states his constitutional rights were violated when he "was forced into accepting a plea deal for a crime [he] did not commit.   [In particular, he] was lied to by [his] public defender[,] . . . held in custody for twenty months and then . . . forced to accept a plea deal."

### Discussion

To state a Section 1983 claim, a plaintiff must "allege that an official acting under the color of state law violated rights guaranteed either by the Constitution or by federal statute."   Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016).   The Due Process clause of the

Fourteenth Amendment protects pretrial detainees from deliberately indifferent medical care, Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014), and "from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989).  Therefore, to the extent Plaintiff's claims that St. Louis County Justice Center employees assaulted him and denied him access to medical care, he may have Section 1983 claims.

However, the only defendant Plaintiff identifies with any specificity is the St. Louis County Justice Center, which is not an entity that is subject to suit under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983); *Ballard v. Missouri*, Case No. 4:13-cv-528-JAR, 2013 WL 1720966, at *3 (E.D. Mo. Apr. 22, 2013) (holding that the "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").  Plaintiff references "Employees" in the complaint.  However, "Employees" are both unidentified and indeterminate in number, which is impermissible.  *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

To the extent the Court should consider Plaintiff's allegation that his public defender "lied" to him and forced him to plead guilty as one of Plaintiff's Section 1983 claims, the allegation fails to state such a claim because a public defender does not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Moreover, any Section 1983 challenge to Plaintiff's guilty plea is not cognizable because there is no allegation that the plea has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

4

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Because a judgment in Plaintiff's favor on his challenge to his guilty plea "would necessarily imply the invalidity of his conviction or sentence [related to that plea] . . . the complaint must be dismissed." Id. at 487.

Finally, the complaint and the claim in the supplemental document largely contain the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Under the circumstances, the complaint is subject to dismissal.

Given Plaintiff's *pro se* status, the Court will not dismiss this case at this time and will instead allow Plaintiff to file an amended complaint to cure the deficiencies. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all

the parties").  Plaintiff must only name a defendant directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant.  In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*

Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he must set forth the claims he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff is required to allege facts explaining in what manner the defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  A defendant is entitled to notice of his or her challenged conduct.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  Finally, Plaintiff may not attempt to amend a complaint by filing supplemental or other separate documents.  Instead, he must file a single comprehensive pleading that sets forth his claims for relief.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to

6

deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel.  The Court will deny the motion at this time, without prejudice.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims.  *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time.  Based upon the allegations the Court is able to discern from the complaint, it appears this case is factually and legally straightforward.  There is no reason to believe that Plaintiff will be unable to investigate the facts or present his claims.  Additionally, the motion is premature, as no defendant has been served with process and discovery has not begun.  The Court will therefore deny the motion for the appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.  The Court will not assess an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FINALLY ORDERED** that Plaintiff must file an amended complaint within thirty (30) days after the date of this Order.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further proceedings.**


_Patricia L. Cohen_
_____

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of August, 2020